JUDGE HARDIN
delivered the opinion op the court.
Thomas D. Rogers brought an ordinary action against N. H. Sinclair for the recovery of a horse, which he alleged to be worth three hundred- dollars, and upon filing his affidavit, under section 208 of the Civil Code of Practice, obtained an order for the delivery of the horse, under which it was taken by the sheriff and delivered to Rogers, on his executing a bond, as required by section 211 of the Civil Code, with Joel H. McGlasson, his surety, covenanting in effect that Rogers should duly prosecute the action, and perform the judgment of the court therein by returning the horse, if a return should be adjudged, “and by paying to the defendant, N. H. Sinclair, such sums of money as are adjudged” in the action.
Afterward James M. Bradford, claiming to be interested in the horse in controversy by having sold and warranted it to Sinclair, was on his application made a defendant to the action, and filed his answer avowing title in Sinclair through the sale from him, and controverting the plaintiff’s claim; and on a trial of the case by a jury a verdict was found that the horse was the property of Bradford, and was of the value of two hundred and fifty dollars; and therefore the court rendered a judgment in favor of Bradford against the plaintiff, Rogers, for that sum.
Bradford, after unsuccessfully attempting to coerce the payment of his judgment by an execution against Rogers, prosecuted this suit, in the names of himself and Sinclair, for his benefit against Rogers and McGlasson on their said bond for the recovery of the amount of his judgment. And McGlasson having filed an answer denying responsibility to the plaintiff, mainly on the asserted grounds that neither the judgment against Rogers nor the bond imported any legal obligation or liability of himself as surety of Rogers to Bradford, a judgment was rendered for the plaintiff for two hundred and eighty-four dollars, on a submission of the law and facts *252 to the court, and from that judgment this appeal is prosecuted. However irregular the proceeding or erroneous the judgment in favor of the appellee in the first action may have been, it was not void, and could not in the same court for any cause alleged in this suit be successfully assailed. But admitting its validity as against Rogers, was it embraced by the undertaking which we have recited of the bond of Rogers and the appellant, made as it was not to the appellee, but to Sinclair, the original defendant in the action, from whose possession the horse was taken ? The manifest object of the bond, as required and prescribed by the Civil Code, was indemnity against any injury that might result from a delivery of the possession of the property to the plaintiff; and to give it that technical and restricted construction which would exclude the appellee from its benefits, notwithstanding his proper admission as a defendant in the action and adjudged interest in the property, would involve a virtual disregard of the liberal rule of construction declared in the Code (section 874), that “ the provisions of this Code, and all proceedings under it, should be liberally construed, with a view to promote its object and assist the parties in obtaining justice.” In our opinion the bond, though not a covenant in express terms to the appellee, inured to his benefit, and operated to secure such rights in the property as might be adjudged to him in the action; and the court properly so decided in this suit, prosecuted in the names of both Sinclair and the appellee for the benefit of the latter, who according to the first judgment was equitably entitled to the right secured by the bond.
Wherefore the judgment is affirmed.